```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 17-60205-Civ-SCOLA
                              MAGISTRATE JUDGE P. A. WHITE
```

STEVEN FREDIANI,                :

     Petitioner,              :

                                              REPORT OF
v.                              :    MAGISTRATE JUDGE

ANTHONY STEVENS,                :

     Respondent.              :
_____

## I.  Introduction

Steven Frediani, a former federal prison who was released on October 2, 2015 but is currently on supervised release, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, attacking the constitutionality of his convictions and sentences, entered following a jury verdict in case no. 13-60045-Cr-Scola. He originally filed in the Western District of New York, which transferred the case to the Southern District of Florida.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B). No order to show cause has been issued because, on the face of the motion, it is evident movant is entitled to no relief. See Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

The Court has reviewed the initial habeas petition (DE#1),

the Presentence Investigation Report ("PSI"), the court's Statement of Reasons ("SOR"), along with all pertinent portions of the underlying criminal file and the movant's prior §2255 motion to vacate, assigned case no. 15-CV-22630-Scola.[1]

This court, recognizing that petitioner is *pro se,* afforded him liberal construction pursuant to Haines v. Kerner, 404 U.S. 419 (1972). Petitioner does not allege that his conviction is being improperly executed by the Bureau of Prisons. Instead, petitioner challenges the constitutionality of his conviction and sentence entered in case no. 15-CV-22630-Scola.

## II. Background and Procedural History

On February 26, 2013, Movant and his codefendant, Glenn Nichols, were indicted in case number 13-60045-RNS with one count of conspiracy to commit aircraft parts fraud, in violation of 18 U.S.C. §38(a)(3), and two counts of aircraft parts fraud in violation of 18 U.S.C. §38(a)(1)(C). (CR-DE#1).  On February 19, 2014, following a jury trial, Movant was found guilty of all counts as charged in the Indictment. (CR-DE#90). The court sentenced the Movant to eighteen months of imprisonment as to each count to run concurrently, followed by three years of supervised release as to each count to run concurrently. (CR-DE#107).

Movant appealed his convictions and sentences to the Eleventh Circuit Court of Appeals, raising the following two issues:

> Issue one. Count II and Count III of the indictment should be dismissed as outside the statute of limitations

---

[1]The undersigned takes judicial notice of its own records as contained on CM/ECF in those proceedings. See Fed.R.Evid. 201.

2

> as the United States officially ended hostilities in Afghanistan and Iraq in 2001 and 2003 thus rendering the wartime suspension of limitations act inapplicable to the instant case;
>
> Issue two. The district court abused its discretion when it ruled counsel for [Movant] opened the door to admission of prejudicial evidence under Fed.R.Evid. 404(B).

Appellant's Initial Brief, United States v. Frediani, 790 F.3d 1196 (11th Cir. 2015) (No. 14-11998-BB), 2014 WL 6705969.

On April 29, 2015, while Movant's appeal was pending in the Eleventh Circuit Court of Appeal, he filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. (15-CV-60928-Scola, DE# 1). On June 17, 2015, the petition was dismissed for lack of jurisdiction without prejudice to refile after the appellate proceedings were concluded. (15-CV-60928-Scola, DE# 8).

On June 22, 2015, the Eleventh Circuit affirmed Movant's conviction and sentence in a written opinion. United States v. Frediani, 790 F.3d 1196 (11th Cir. 2015).

On July 13, 2015, the Movant timely filed his second §2255 motion. (15-CV-22630-Scola, DE# 1). The Undersigned issued a report wherein all eleven claims raised were addressed on the merits. The Report recommended that the petition be denied. (15-CV-22630-Scola, DE# 30). The District Court adopted the report. (15-CV-22630-Scola, DE# 30). Petitioner appealed. The Eleventh Circuit denied the appeal for want of prosecution because Petitioner failed to pay the filing fee. (15-CV-22630-Scola, DE# 37).

On **January 1, 2017**,[2] Petitioner next filed the instant §2241 petition in the Western District of New York, challenging his convictions and sentences in case no. 13-60045-CR-Scola. (W.D.N.Y. 17-CV-03002-DGL, DE# 1). The Western District of New York issued an order transferring the case to the Southern District of Florida and noting that it did not appear to be a §2241 motion, but rather a petition filed under §2255. (W.D.N.Y. 17-CV-03002-DGL, DE#12).

### III. Discussion

Petitioner has styled this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. While a §2241 petition is the proper means to challenge the execution of a sentence or to challenge confinement that is not the result of a criminal court's judgment, a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. §2255, a §2255 motion is generally the proper means to challenge the imposition or length of detention. See Sawyer v. Holder, 326 F.3d 1363, 1365 n.3 (11th Cir. 2003); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (citing McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Regardless of petitioner's attempt to disguise his pleading as a §2241 petition, it is, in legal effect, a successive §2255 motion. See Hardy v. United State, 443 Fed. Appx. 489 (11th Cir. 2011)(finding motion filed pursuant to Rule 60(b), which attacked

---

[2]"Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009); see Fed.R.App. 4(c)(1)("If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing."). Unless there is evidence to the contrary, like prison logs or other records, a prisoner's motion is deemed delivered to prison authorities on the day he signed it. See Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

previous rejection of the claim on the merits in a §2255 motion must be analyzed according to the rules set out in 28 U.S.C. §2255 for second or successive motions)(unpublished).

Ordinarily, an action in which an individual seeks to collaterally attack his conviction and sentence, should be filed under 28 U.S.C. §2255 in the district of conviction. See 28 U.S.C. §2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Because petitioner's first properly filed §2255 motion was denied by the court on the merits, he may not file yet another §2255 motion without first receiving permission from the appropriate United States Court of Appeals. Here, petitioner has neither sought nor been granted such permission. See 28 U.S.C. §2255(h); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)("[w]hen a prisoner has previously filed a §2255 motion to vacate, he must apply for and receive permission...before filing a successive §2255 motion.").

Thus, in order to obtain review, he must first demonstrate that he obtained a certificate from the Court of Appeals granting him permission to file a second or successive habeas petition. See 28 U.S.C. §2244(b)(3)(A). He has not done so here. Because petitioner filed a previous §2255 motion which was denied on the merits, and he has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive §2255 motion, this Court is without jurisdiction to entertain his current filing as a §2255 motion. See 28 U.S.C. §2244(b)(2)-(3); Burton v. Stewart, 549 U.S. 147, 153 (2007); El-Amin v. United States, 172 Fed.Appx. 942, 946 (11th Cir. 2006)(unpublished).

Since petitioner is barred from filing another motion under §2255, he filed this petition for habeas corpus relief pursuant to

28 U.S.C. §2241. However, §2255(e) expressly limits the circumstances under which a federal prisoner may file such a petition. Section 2255(e) provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S.C. §2255(e)(emphasis added). The emphasized language above is known as the "savings clause," which allows habeas corpus review of a claim, but only if (1) the claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in petitioner's trial, appeal, or first §2255 motion. See Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). The savings clause applies only if petitioner has satisfied all three elements. Id. This showing is significant because a prisoner does not "open the portal" to a §2241 proceeding until he has demonstrated that the savings clause applies to him. Id. at 1244 n.3; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[3]

The unavailability of relief under §2255 because of a statute

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

of limitations bar, the prohibition against a second or successive §2255 motion, or a procedural bar, does not demonstrate that a §2255 remedy is inadequate or ineffective. Wofford, 177 F.3d at 1245 (holding that the savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier."); Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)(accord); see also, In re Hill, 715 F.3d 284 (11th Cir. 2013).

Here, petitioner's claims are §2255 claims. Since petitioner is challenging the validity of the conviction and the ensuing sentence imposed, not how it is being executed by the Bureau of Prisons, this is an improper §2241 petition. Further, construing this action as one brought pursuant to §2255 would be futile, providing no relief here.

Finally, where as here, a petitioner challenges the validity of his conviction or sentence by seeking to add a new ground for relief not previously raised or attacking the merits of a district court's previous resolution of the claim on the merits, the motion is properly considered as a second or successive §2255 motion. Williams v. Chatman, 510 F.3d 1290, 1293-94 (11th Cir. 2007); Gilbert v. United States, 640 F.3d 1293, 1323 (11th Cir. 2011)(*en banc*), cert. den'd, ___ U.S. ___, 132 S.Ct. 1001 (2012).

However, an inmate may not file a successive §2255 motion without prior authorization from the Eleventh Circuit. See 28 U.S.C. §2255(h); 2244(b)(3); United States v. Diaz-Clark, 292 F.3d 1310, 1316 (11th Cir. 2002). As will be recalled, petitioner's first §2255 motion was previously reviewed on the merits and denied by the District Court. Since the requirements for a successive motion are stringent, the court lacks jurisdiction to review successive habeas motions filed without authorization from the court of

7

appeals. See 28 U.S.C. §2255(h)(2); see also United States v. Gilbert, 640 F.3d 1293 (11th Cir. 2011); In re Blackshire, 98 F.3d 1293 (11th Cir. 1996); 28 U.S.C. §2244(b)(3)(A); Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997).

Thus, in order to obtain review, petitioner must first demonstrate that he obtained a certificate from the Court of Appeals granting him permission to file a second or successive habeas petition. See 28 U.S.C. §2244(b)(3)(A). Petitioner has not done so here. Importantly, while the savings clause of §2255(e) applies to claims of actual innocence of the crime of conviction, it does not apply to sentencing claims, at least not where the sentence being attacked does not exceed the statutory maximum. United States v. Gilbert, 640 F.3d 1293, 1313 (11th Cir. 2011); see also, United States v. Terrell, 141 Fed.Appx. 849, 852 (11th Cir. 2005)(finding motion to reopen and amend an initial §2255 motion should be construed as successive motion where initial motion has already been ruled upon by the district court and is pending before the appellate court).

In this case, because the petitioner's §2255 motion was denied on the merits, and he has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive §2255 motion, this court is without jurisdiction to entertain his current filing as a §2255 motion for the reasons previously specified. See 28 U.S.C. §2244(b)(2)-(3); Burton v. Stewart, 549 U.S. 147, 153 (2007); El-Amin v. United States, 172 Fed.Appx. 942, 946 (11th Cir. 2006).

It is evident that petitioner's motion is, in fact, successive because it (1) seeks to add new evidence and arguments in support of relief; and, (2) attacks the federal court's previous resolution of his claim on the merits. Williams, 510 F.3d at 1293-94 (quoting

8

Gonzalez, 545 U.S. at 532). There is no doubt that petitioner is seeking to relitigate his §2255 motion on the merits by raising new arguments or providing new evidence to support his prior claims challenging the validity of his sentences.

Consequently, when a motion qualifies as a second or successive habeas petition as defined in Gonzalez, it must comply with the requirements for such petitions under the AEDPA. Williams, 510 F.3d at 1294. "The AEDPA provides that, to file a second or successive §2255 motion, the petitioner must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. See 28 U.S.C. §2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

### IV. Certificate of Appealability

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)(citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the undersigned finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability should be denied. See 28 U.S.C. §2253(c)(2).

**Notwithstanding, if petitioner intends to pursue this case, he should forthwith apply to the United States Eleventh Circuit Court of Appeals for the authorization required by 28 U.S.C. §2244(b)(3)(A). The movant will be provided with a form to apply for such authorization with this report.**

## V. Conclusion

It is therefore recommended that petitioner's §2241 habeas petition be dismissed as an improper filing under §2241, and for lack of jurisdiction; that judgment be entered against petitioner; that no certificate of appealability issue; and, that the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 6th day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

c:  Steven Frediani
    58277-018
    2062 Westside Dr.
    Rochester, NY 14624
    PRO SE

    Noticing 2241/Bivens US Attorney
    Email: usafls-2255@usdoj.gov